EIN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**STEPHEN ALLEN and CODY RHOADES**                              **PLAINTIFF**

vs.                              No. 5:15-cv-1123-DAE

**EXPRESS ENERGY SERVICES, LLC**                              **DEFENDANT**

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

COME now Plaintiffs Stephen Allen and Cody Rhoades, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint against Defendant Express Energy Services, LLC (hereinafter "Express"), and in support thereof they do hereby state and allege as follows:

I.

### PRELIMINARY STATEMENTS

1. The purpose of this amendment is to add Plaintiff Cody Rhoades.

2. Where convenient, below, this complaint will refer to Plaintiffs collectively simply as "Plaintiff."

3. Plaintiff brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation for the hours in excess of forty hours in a single week that he was made to work.

4.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.

## THE PARTIES

5.     Plaintiff Stephen Allen is a resident and citizen of Tarrant County, Texas. He was employed by Defendant to work in oilfields in Texas and Pennsylvania, including in the Eagle Ford shale in Southwest Texas.

7.     At all times relevant hereto Stephen Allen was denied a lawful amount of overtime pay, was paid on an hourly basis, together with a series of non-discretionary bonuses.

8.     Allen's term of employment is as follows: May of 2014 to July 2014.

9.     Plaintiff Cody Rhoades is a resident and citizen of Jack County, Texas. He was employed by Defendant to work in oilfields in Texas and Pennsylvania, including in the Eagle Ford shale in Southwest Texas.

10.    At all times relevant hereto Cody Rhoades was denied a lawful amount of overtime pay, was paid on an hourly basis, together with a series of non-discretionary bonuses.

11.    Rhoades worked for Defendant for several months with the past three years.

12.    Express Energy Services, LLC, is a for-profit, Deleware limited liability company created and existing under and by virtue of the laws of Delaware registered to do business in the State of Texas, providing products and services in the oil and gas

industry, throughout the United States in those areas in which fracking is a viable business.

13. Defendant has annual gross revenues exceeding $500,000.00.

14. Defendant's principal address is 4200 E Skelly Drive, Suite 700, Tulsa, OK 74135.

15. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16. Defendant can be served within the State of Texas. Defendant's registered agent for Service of Process in the State of Texas is James E. Lind, who can be served at Campbell Centre II, 8150 N. Central Expressway, Suite 750, Dallas, Texas 75206-1815.

### III.

### JURISDICTION AND VENUE

17. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

18. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiff worked for Defendant in this district.

## IV.

## **FACTUAL ALLEGATIONS**

19.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

20.     Plaintiff was an employee of Express within the last three years.  Plaintiff was paid an overtime premium that was not based on the lawful hourly regular rate Plaintiff was entitled to during that time period because Plaintiff was paid a non-discretionary bonus.

21.     Upon commencement of work at Express, Plaintiff did not sign any contract of employment setting forth his hours or wages.  His annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

22.     In performing his services for Express, Plaintiff was not required to utilize any professional education relevant to his job duties.

23.     Plaintiff's primary duties were to operate tools and equipment used in fracking oil and gas wells.

24.     Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

25.     During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

26.     Plaintiff did not select any employees for hire nor did he provide any training for any employee.  Plaintiff had no ability to hire and fire any employee.

27.     Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

28. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

29. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

30. On average, Plaintiff worked approximately seventy (70) to ninety (90) hours per week. He did not receive a lawful amount of overtime compensation.

31. Plaintiff did not receive overtime premiums for hours worked in excess of 40 in a workweek.

32. Plaintiff worked more than 40 hours in almost all workweeks during which he was employed by Defendant.

33. Defendant paid Plaintiff regular, non-discretionary bonuses for days on which he worked at an well site operating machines.

## V.

## CLAIM FOR RELIEF

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

35. Defendant intentionally failed to pay Plaintiff the lawful amount of overtime compensation

36. Defendant deprived Plaintiff of lawful overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

37. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

38. By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

39. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Stephen Allen and Cody Rhoades respectfully pray for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiffs and to the Court for all of the hours worked by Plaintiffs and all monies paid to them;

(c) A declaratory judgment that Defendant practices as alleged herein violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

  (f) An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

  (g) Such other and further relief as this Court may deem necessary, just and proper.

         Respectfully submitted,

         **PLAINTIFFS STEPHEN ALLEN
         and CODY RHOADES**

         SANFORD LAW FIRM, PLLC
         One Financial Center
         650 S. Shackleford Road, Suite 411
         Little Rock, Arkansas 72211
         Telephone: (501) 221-0088
         Facsimile: (888) 787-2040

  By: /s/ Josh Sanford
     Josh Sanford
     Texas. Bar No. 24077858
     josh@sanfordlawfirm.com